UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MERRILL LYNCH BUSINESS FINANCIAL
SERVICES, INC.,

**MEMORANDUM & ORDER**

06 CV 5912 (RJD)(MDG)

Plaintiff,

- against -

BROOK-ISLAND MEDICAL ASSOCIATES, P.C.,
CHITOOR S. GOVINDARAJ, DEEPAK VADHAN,
CHALTA V.R. REDDY, and "JOHN DOE #1"
THROUGH "JOHN DOE #12,"

Defendants.
-----------------------------------------------------------------X
DEARIE, Chief Judge.

Defendants Brook-Island Medical Associates, P.C. ("BIMA") and Chitoor S. Govindaraj ("Govindaraj") (collectively, the "Cross-Claimants") move pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for a judgment of default on their cross-claims for contribution, indemnity and declaratory relief (the "Cross-Claims") against defendant Deepak Vadhan. Vadahn has appeared in opposition to the motion and cross-moves under Rule 55(c) to vacate the Clerk's notation of his default on the Cross-Claims, which was entered more than three years ago.

**FACTUAL BACKGROUND**

The thicket-like docket in this case nearly eclipses the utter simplicity of the underlying action, a claim by a lender, Merrill Lynch Business Financial Services, Inc. ("Merrill") for failure to repay a loan, brought against the corporate borrower (BIMA) and the three corporate principals

who signed unconditional personal guaranties (defendants Govindaraj, Vadhan and Reddy).

A.  **Resolution of Merrill Lynch's Claim**

Merrill commenced this action on or about November 1, 2006. BIMA and Govindaraj answered on or about December 15, 2006; defendants Vadhan and Reddy did not appear, and on January 9, 2007, the Clerk of the Court noted their default on Merrill's claims. On February 28, 2007, the Court granted Merrill's motion for a judgment of default against Vadhan and Reddy, with the question of damages referred to then-Magistrate Judge Kiyo A. Matsumoto. Following the Court's adoption of her Report and Recommendation, final judgment on Merrill's claim against Vadhan was entered on September 10, 2007, in the amount of $ 539,582.37.[1]

In the meantime, Merrill resolved its claims against the other two defendants, BIMA and Govindaraj. The Stipulation of Settlement among those three parties was filed on July 6, 2007 and approved by this Court on July 11, 2007. BIMA and Govindaraj have advised the Court that pursuant to that Stipulation, they have paid Merrill a total of $542,083.00. See Govindaraj Declaration dated Oct. 9, 2009.

B.  **The Cross-Claims**

On May 29, 2007—just over a month before filing the Stipulation settling Merrill's claims against them—BIMA and Govindaraj filed an amended answer to Merrill's complaint that left their initial responsive allegations undisturbed but included for the first time the Cross-Claims against Vadhan and Reddy (each of whom was, as just noted, already in default on Merrill's claim.) The first cross-claim asserts that Vadhan "is obligated to pay and is responsible for fifty

---

[1] Pursuant to the Report and Recommendation, the Court also directed the entry of judgment against Reddy in the amount of $102, 283.33. Reddy has not appeared and is not a participant or factor in the present motions.

(50)% of all monies owed to [Merrill] in connection with this action" (¶16) and "[t]hat in the event that [Merrill] recovers a judgment against [the Cross-Claimaints]," Vadhan "shall be liable . . . for contribution in the amount of fifty (50)% of said judgment" (¶17). The second cross-claim asks this Court "to declare the rights of the parties, and to find that Vadhan is liable to" the Cross-Claimants "in an amount equal to fifty (50)% of any judgment that [Merrill] recovers" from the Cross-Claimants "in this action" (¶21). The third cross-claim asserts that "because Vadhan breached his obligations . . . to pay fifty (50)% of all monies owed to [Merrill] pursuant to the loan agreements and other documents set forth in [Merrill's] allegations," the Cross-Claimants "have been damaged in an amount equal to fifty (50) % of all monies owed to [Merrill] pursuant to the loan agreements" (¶¶25, 27).

The Clerk of the Court entered the default of Vadhan on the Cross-Claims on July 7, 2007. Since that time, the Cross-Claimants have secured six extensions of their time to move for a judgment of default against Vadhan, the first on July 12, 2007 and the sixth on September 3, 2009.

## C.  Vadhan's Nominal Appearance in the Action

The Court's docket shows that on October 10, 2007, thirty days after judgment was entered against Vadhan on Merrill's claim, the law firm of Abrams, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP (the "Abrams Firm"), filed a notice of appearance in this action on Vadhan's behalf. That same day the Abrams Firm also filed a notice of appeal from the final judgement against Vadhan and the Order of this Court adopting the Report and Recommendation of Magistrate Judge Matsumoto. The docket reflects no further activity on the appeal.

On October 14, 2009, two years after its initial appearance, the Abrams Firm moved to be relieved as counsel for Vadhan. Upon the Abrams Firm's representations that Vadhan had failed to respond to communications from the firm, to cooperate in his defense, or to pay for services

3

rendered, this Court granted the application to withdraw the following day, October 15, 2009.

Vadhan apparently secured new counsel quite promptly: only three weeks later, on November 11, 2009, the firm of Khenkin & Sauchik, P.C. filed a notice of appearance in this action on Vadhan's behalf, and shortly thereafter filed the papers now before the Court.

## DISCUSSION

### I. Legal Standard

Vadhan's application is governed by Federal Rule of Civil Procedure 55(c), which provides, in pertinent part, that "[t]he court may set aside an entry of default for good cause." Fed. R.Civ.P. 55(c). "Under Rule 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). "Although the factors examined in deciding whether to set aside a default [under Rule 55(c)] or a default judgment [under 60(b)] are the same, courts apply the factors more rigorously in the case of a default judgment . . . because the concepts of finality and litigation repose are more deeply implicated in the latter action." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). See generally Meehan, 652 F.2d at 275-76 (reversing district court's refusal to vacate default because it had applied the "higher standard" governing Rule 60(b) motions rather than the "lenient [,] less rigorous" standard governing Rule 55(c) applications).

"Willfulness" in the default context "refer[s] to conduct that is more than merely negligent or careless," SEC v. McNulty, 137 F.3d 732, 738 (2d Cir.), cert. denied, 525 U.S. 931 (1998), and the "meritorious defense" need not be established "conclusively" at the motion-to-vacate stage. Id., 137 F.3d at 740. Accord Enron Oil Corp., 10 F.3d at 97 ("the test . . . is not [ ] whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial,

4

would constitute a complete defense"); Sony Corp. v. Elm State Electrics, Inc., 800 F.2d 317, 320-21 (2d Cir. 1986) (party seeking to vacate default must present some evidence beyond conclusory details to support his defense).

Both Vadhan's motion, as well as the opposing motion of the Cross-Claimants' for entry of default judgment, "are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Shah v. New York State Dep't of Civil Service, 168 F.3d 610, 615 (2d Cir. 1999). The Court is also guided by the clear preference in this Circuit for reaching judgments on the merits and not by way of default, particularly where there are critical facts in dispute. E.g. Shah, 168 F.3d at 615.

## II. Degree of Willfulness of the Default

In his supporting affidavit, Vadhan affirmatively asserts that his default on the Cross-Claims was inadvertent. Affidavit of Deepak Vadhan, sworn to January 10, 2010 ("Vadhan Aff.") at ¶¶19-28. He claims that he retained the Abrams Firm initially to address the default entered against him on Merrill's claim but that the subject of responding to the Cross-Claims was also specifically discussed during a consultation session. Vadhan further asserts that he reasonably relied on the Abrams Firm to protect his interests. He concedes that relations between the firm and himself deteriorated, but specifically asserts that it was he (Vadhan) who had been attempting to contact the firm for an update on the status of his matter—and not the other way around, as the Abrams Firm represented to the Court when it asked to be relieved.

Vadhan also relies on the reasonable inferences that his current counsel asks the Court to draw. See Declaration of Alec Sauchik, Esq., dated January 11, 2010 ("Sauchik Decl.") at ¶¶ 10,

17, 33. Among other things, Mr. Sauchik argues that the Court need not conclude that the Abrams Firm was negligent in order to find that Vadhan's default less than willful. Sauchik suggests, for example, that settlement talks between Merrill and the Cross-Claimants must have been underway well before the Cross-Claims were filed, and that the Abrams Firm, aware of those discussions, may have been prudent, at least for a time, in electing a wait-and-see strategy.

The record does not definitely establish the reasons for Vadhan's default. Nonetheless, even if Vadhan's assertions of reliance on counsel are true, it is he, personally, against whom the Cross-Claims were asserted and he, therefore, who could and should have been more vigilant of his own interests. His claims of reliance on the Abrams Firm are not entirely satisfactory in the face of his having previously defaulted on Merrill's claim. But neglect in this respect is not tantamount to the willfulness that would preclude relief from default, particularly under the "lenient" standards of Rule 55(c). McNulty, 137 F.3d at 738 ("[w]ilfulness" in default context "refer[s] to conduct that is *more than* merely negligent or careless") (emphasis added). The Court thus resolves this factor in Vadhan's favor, although only marginally so.

### B.     The Degree of Merit of Vadhan's Defense

The Cross-Claimants purport to have solid documentation for their claims: including the principal loan documents, the unconditional guaranty dated November 1, 1994 bearing Vadhan's signature, and copies of BIMA's federal tax returns for the years 2004, 2005 and 2006, each of which lists Vadhan as one of BIMA's officers and owner of 50% of the company's outstanding shares. See Exhibits A, C to Govindaraj Reply Declaration.

Vadhan, however, raises both legal and factual arguments in his defense. Factually, Vadhan asserts that sometime in 2006, while BIMA was still a busy medical practice with substantial assets and accounts receivable, he departed to start his own practice. He further

6

asserts that he did so without recouping his share of BIMA's value, but in consideration for a verbal agreement that he would be relieved of BIMA's existing debts and liabilities. Vadhan Aff. at ¶¶ 5-8. Legally, Vadhan argues that the theories of contribution and indemnification asserted in the Cross-Claims are meritless, or at least disputable, because the settlement of Merrill's claims with BIMA and Govindaraj is not equivalent to the "obtaining of a judgment" against them, and because the settlement was entered into without any notice to Vadhan. Vadhan also asserts that the chronology of events reasonably calls into questions the bona fides of the Cross-Claimants' motives: among other things, they first asserted the Cross-Claims while negotiating the settlement with Merrill, and then, after securing entry of Vadhan's default, moved a total of six times over a period of two years for extensions of time to file the motion for a default judgment.

Under the less-than-rigorous standards of Rule 55(c) reviewed above, the Court finds that the factual and legal bases of the Cross-Claims are sufficiently disputable to require that any judgment in the Cross-Claimants favor be based on the merits rather than default. Shah, 168 F.3d at 615 ("in this Circuit the preference is for the District Court to reach judgments on the merits and not by way of default judgments") (internal citation omitted). Although the Cross-Claimants vigorously argue that Vadhan should not be believed, they do not directly refute Vadhan's account of his departure from BIMA. The fact that it was Govindaraj who first made a litigation adversary of Vadhan also undermines the former's invitation to discredit Vadhan outright. Possible verbal side agreements aside, Cross-Claimants bear the burden of reconciling their Cross-Claims as pleaded with the lack of any "judgment" obtained against them by Merrill Lynch.

C. **Prejudice to the Cross-Claimants**

Having had only limited first-hand exposure to the parties, the Court is reluctant to credit either side's critique of the other's motives. But the Cross-Claimants' substantial delay in

7

seeking judgment by default against Vadhan speaks for itself and satisfies this Court that the Cross-Claimants will not likely be prejudiced by now pursuing strategies other than default.

## CONCLUSION

The Court **grants Vadhan's cross-motion under Rule 55(c)** to vacate the Clerk's entry of default against him on the Cross-Claims, and directs Vadhan to answer or move in response to the Cross-Claims within ten days of entry of this Memorandum and Order. **The Cross-Claimants' motion under Rule 55(b)(2)** for entry of judgment of default against Vadhan is **denied**.

SO ORDERED.

Dated: Brooklyn, New York
July 14, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge